**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT NO. 9 PENSION PLAN, | Civil No. _____ |
| Plaintiffs, | **COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |
| v. | |
| FULL BORE, INC., | |
| Defendant. | |

Plaintiffs allege:

**I.**

**PARTIES**

1.    Plaintiffs are the Trustees of the International Brotherhood of Electrical Workers District No. 9 Pension Plan (hereinafter "Fund").

///    ///

Page 1 – **COMPLAINT**

2.     The Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of the Employment Retirement Income Security Act of 1974, as amended (ERISA).  A number of employers pay fringe benefit contributions to the Fund, and the Fund is a "multiemployer plan" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Fund have discretionary authority to control and manage the Fund and are "fiduciaries" of the Fund as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.     At all times material to this proceeding (August 2018 and January 1, 2019, to date), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over the Claims for Relief brought by the Trustees of the Fund against Defendant for violation of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

5.     Defendant is an Oregon corporation.  At all times material to this proceeding (August 2018 and January 1, 2019, to date), Defendant has been signatory to a written collective bargaining agreement with International Brotherhood of Electrical Workers Local 332 (hereinafter "Union").  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant affect commerce.  The Court also has jurisdiction over the Claims for Relief pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

Page 2 – **COMPLAINT**

6. The Fund is administered in Portland, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

### III.

### FIRST CLAIM FOR RELIEF

7. Under the terms of the collective bargaining agreement, Defendant agreed to pay fringe benefit contributions to the Fund on behalf of its employees performing work covered by the collective bargaining agreement.

8. The Amended Trust Agreement for the Fund provides that, in the event an employer fails to pay its fringe benefit contributions by the 20th day of the month following the month in which the work was performed, interest shall be assessed on the delinquent fringe benefit contributions at the rate of eight (8) percent per annum from the due date, until paid. Recovery of interest on delinquent fringe benefit contributions is also provided for in 29 U.S.C. §1132(g)(2)(B) of ERISA.

9. The Trust Agreement for the Fund provides that, in the event an employer fails to pay its fringe benefit contributions by the 20th day of the month following the month in which the work was performed, liquidated damages shall be assessed in the amount of 10% of the delinquent fringe benefit contributions or $25.00 per month, whichever is greater. Recovery of liquidated damages on delinquent fringe benefit contributions is also provided for in 29 U.S.C. §1132(g)(2)(C) of ERISA.

///   ///

///   ///

///   ///

///   ///

10. Defendant has failed to file its remittance report forms and pay its fringe benefit contributions for the months of January 2019 through May 2019, and the time for so doing has passed. Defendant should be required to file said remittance report forms, together with all future remittance report forms that may become due during the pendency of this lawsuit, pay to the Fund all contractually-required fringe benefit contributions that may be owed based on the information contained therein, pay interest at the rate of eight (8) percent per annum on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Fund in accordance with the terms of the Amended Trust Agreement.

11. The Amended Trust Agreement for the Fund provides that, in the event an employer fails to pay all required fringe benefit contributions by the due date and legal proceedings are instituted, the Fund is entitled to recover a reasonable attorneys' fee. The Fund is entitled to recover from Defendant a reasonable attorneys' fee pursuant to the Amended Trust Agreement.

12. The Fund is also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

## IV.

## SECOND CLAIM FOR RELIEF

13. The Fund hereby realleges and incorporates by reference paragraphs 1 through 12 of this complaint as though fully set forth herein.

14. Defendant failed to timely pay its August 2018 fringe benefit contributions and owes $80.25 in interest and liquidated damages to the Fund as a result.

///    ///

Page 4 – **COMPLAINT**

15.     The Fund is entitled to recover from its reasonable attorneys' fee from Defendant pursuant to the Amended Trust Agreement and pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1.      On the **First Claim for Relief**, requiring Defendant to file its January 2019 through May 2019 remittance report forms, together with all remittance report forms that may become due during the pendency of this lawsuit, pay to the Fund all contractually-required fringe benefit contributions that may be owed based on the information contained therein, pay interest at the rate of eight (8) percent per annum on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Fund in accordance with the terms of the Amended Trust Agreement;

2.      On the **Second Claim for Relief**, requiring Defendant to pay $80.25 in interest and liquidated damages to the Fund;

3.      Providing that the Fund shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that the Fund shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

4.      Requiring Defendant to pay to the Fund's attorney fees incurred herein;

///     ///

5.   Requiring Defendant to pay the Fund's costs and disbursements incurred herein;

and

6.   For such further equitable relief as the Court deems just and proper.

DATED this 8th day of July 2019.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 6 – **COMPLAINT**